# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| WILLIE TOLBERT, | ) |
| Plaintiff, | ) |
| VS. | ) No. 2:17-cv-2137-STA-egb |
| STATE OF TENNESSEE; NATTELY VOSS, Medical Director; DENISE CLENNA, Nurse; TONY PARKER, Commissioner; SHAWN PHILIPS, MCCX Warden; C/O FNU GLOVER: C/O FNU BEEVIS; WILLIAM REBURN, III; JONATHAN LEBO, WTSP Warden; SHARON ROSE; JONATHAN BARTLETT, Sergeant; DWIGHT WELCH; WARREN JENNINGS; Inmate; A.T.W. FNU FINCH; FNU BINCKLEY, Counselor; TOM KESSLER, M.D.; CAPTAIN FNU CHARLES; LISA BROOKS; AND CASSANDRA HANNAH | ) |
| Defendants. | ) |

## ORDER DENYING PENDING MOTIONS, DISMISSING CLAIMS, AND GRANTING LEAVE TO AMEND

On February 27, 2017, Plaintiff Willie Tolbert, an inmate at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee, filed *pro se* a Complaint pursuant to 42 U.S.C. § 1983 accompanied by a motion to proceed *in forma pauperis*. The Court granted Tolbert leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 7.) The Clerk shall record the Defendants in this case as the Tennessee Department of Correction ("TDOC"); Nattely Voss, Medical Director; Denise Clenna, Nurse; Tony Parker, TDOC Commissioner; Shawn Phillips,

Morgan County Correctional Complex ("MCCX") Warden; C/O First Name Unknown ("FNU") Glover; C/O FNU Beevis; Williams Reburn, III; Jonathan Lebo, WTSP Warden; Sharon Rose; Jonathan Bartlett, Sergeant; Dwight Welch; Warren Jennings, Inmate; A.T.W.[1] FNU Finch; FNU Binckley, Counselor; Tom Kessler, M.D.; Captain FNU Charles; Lisa Brooks; and Cassandra Hannah. Defendants are sued in their individual capacities except for Defendants Glover, Beevis, and Reburn who are sued in their official capacities only.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the Complaint in this case states a claim on which relief may be granted, the Court applies the Federal Rule of Civil Procedure 12(b)(6) pleadings standards announced in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the Complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Ultimately, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2)

---

[1] Tolbert's Complaint identifies Finch with the letters "A.T.W." but does not explain what the abbreviation means. The Court uses the abbreviation here simply to reflect what appears in the pleadings. The Court has no information about what the letters stand for.

nevertheless requires factual allegations to make a "showing, rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Even so, *pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). And district courts are not required "to ferret out the strongest cause of action on behalf of *pro se* litigants." *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011). In the final analysis, a court "cannot create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 612-13 (6th Cir. 2011).

Tolbert filed his Complaint on the official form for actions under 42 U.S.C. § 1983. Section 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Pursuant to Federal Rule of Civil Procedure 18(a), "[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."

Fed. R. Civ. P. 18(a). Rule 20(a)(2) provides that persons may be joined in one action as defendants if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

The United States District Court for the Eastern District of Michigan has succinctly summarized the correct approach to joinder under the Federal Rules of Civil Procedure:

> In considering whether joinder should be permitted, the court is mindful that "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 . . . (1966). This impulse, however, does not provide a plaintiff free license to join multiple defendants into a single lawsuit where the claims against the defendants are unrelated. *See*, *e.g.*, *Pruden v. SCI Camp Hill*, [252] F. App'x 436, 437 (3d Cir. 2007) (per curiam); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Thus, "[a] buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner." *George*, 507 F.3d at 607.

*Harris v. Gerth*, No. 08-CV-12374, 2009 WL 368011, at *1 (E.D. Mich. Feb. 11, 2009). "[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)

The Complaint in this case asserts numerous, unrelated claims against approximately nineteen different Defendants arising out of Tolbert's incarceration at two separate facilities. For example, Tolbert's claims include that he (1) was denied medical treatment for his toes; (2) he

was wrongfully housed in supermax segregation at WTSP; (3) he had his personal property taken or lost on two separate occasions by separate defendants; (4) he was denied sufficient heat and adequate cleaning products at WTSP; (5) he received a false disciplinary report resulting in due process violations at MCCX; (6) he was transferred from MCCX to WTSP in retaliation and as part of a conspiracy against him; (7) he was injured by WTSP food service staff's lack of hygiene; (8) WTSP staff issued a false disciplinary report against him as an act of retaliation; (9) his physical safety was endangered by WTSP staff's failure to respond to an emergency call button and by the facility's overall lack of proper staffing; (10) he had to wait several days for laundry to be cleaned; (11) he was verbally abused by WTSP staff; (15) he was injured by WTSP staff's failure to properly dispose of trash after meals; and (16) he had his due process rights violated by a false disciplinary report.

Tolbert's is "the kind of 'buckshot complaint" that courts typically reject. *Harris*, 2009 WL 368011, at *1 (quoting *George*, 507 F.3d at 607)). If Tolbert wishes to sue on all of his claims, he will necessarily have to bring more than one lawsuit, each accompanied by a separate application to proceed *in forma pauperis*. *See George*, 507 F.3d at 607. Therefore, Tolbert must decide which related claims to bring in this lawsuit, and he must file a new pleading setting forth a short and plain statement of those claims. *See* Fed R. Civ. P. 8(a)(2). Because the claims in the Complaint are not properly joined, Tolbert's *pro se* Complaint is **DISMISSED**.

Tolbert is **GRANTED** leave to amend his Complaint in accordance with the Court's instructions. Any amendment must be filed within thirty (30) days after the date of this order. The amended complaint will supersede the original complaint and must be complete in itself without reference to the prior pleadings. The text of the complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be

identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint or amended complaints. Tolbert may add additional defendants, provided that the claims against the new parties are properly joined. Each claim for relief must be stated in a separate count and must identify each defendant sued in that count. If Tolbert fails to file an amended complaint within the time specified, the Court will enter judgment.

Tolbert's other pending motions for writ of habeas corpus, which is actually a request to testify on his own behalf, and for leave to file an amended complaint (ECF No. 3 & 5) are **DENIED** without prejudice to re-file at the appropriate time once screening is complete.

**IT IS SO ORDERED.**

    s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date:　September 28, 2017.