# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| WILLIE TOLBERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 2:17-cv-2137-STA-egb |
| ) | |
| STATE OF TENNESSEE; ) | |
| NATTELY VOSS, Medical Director; ) | |
| DENISE CLENNA, Nurse; TONY ) | |
| PARKER, Commissioner; SHAWN ) | |
| PHILIPS, MCCX Warden; C/O FNU ) | |
| GLOVER: C/O FNU BEEVIS; WILLIAM ) | |
| REBURN, III; JONATHAN LEBO, WTSP ) | |
| Warden; SHARON ROSE; JONATHAN ) | |
| BARTLETT, Sergeant; DWIGHT WELCH; ) | |
| WARREN JENNINGS; Inmate; ) | |
| A.T.W. FNU FINCH; FNU BINCKLEY, ) | |
| Counselor; TOM KESSLER, M.D.; ) | |
| CAPTAIN FNU CHARLES; LISA ) | |
| BROOKS; AND CASSANDRA HANNAH ) | |
| ) | |
| Defendants. ) | |

## ORDER DIRECTING ENTRY OF JUDGMENT, CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On February 27, 2017, Plaintiff Willie Tolbert, an inmate at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee, filed *pro se* a Complaint pursuant to 42 U.S.C. § 1983 accompanied by a motion to proceed *in forma pauperis*. The Court granted Tolbert leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a) (b). (ECF No. 7.) In an order entered September 28, 2017, the Court concluded that Tolbert had failed to state a claim for relief under 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B). However, the Court found good cause to allow

Tolbert to file an amended complaint and cure the defects the Court had found in the initial Complaint. The Court gave Tolbert thirty (30) days in which to file his amended complaint and cautioned Tolbert that if he failed to file an amended complaint within the time specified, the Court would assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.

In response to the Court's September 28, 2017 order, Tolbert filed a motion for reconsideration (ECF No. 11) on October 16, 2017. The Court denied the motion for reconsideration on October 18, 2017, and gave Tolbert 30 days more in which to file an amended complaint. On November 15, 2017, Tolbert filed a motion for extension, requesting more time to file his amended complaint. The Court found good cause to grant Tolbert's motion and extended the filing deadline for the amended complaint to December 19, 2017. Tolbert did not file an amended complaint within the time allowed and has not requested an extension of time in which to do so. Therefore, judgment will be entered in accordance with the September 28, 2017, order dismissing the Complaint for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Tolbert case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that led the Court to dismiss this case for failure to state a claim also compel the conclusion that an

appeal would not be taken in good faith. Therefore, it is **CERTIFIED**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Tolbert would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Tolbert nevertheless appeals the dismissal of his case. A certification that an appeal is not taken in good faith does not affect an indigent plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), partially overruled on other grounds by *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b). Therefore, the Plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For purposes of 28 U.S.C. § 1915(g), this is the first dismissal of one of Tolbert's cases as frivolous or for failure to state a claim. This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare and enter a judgment.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: January 5, 2018